IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MATT LYLE. | § | |
|     TDCJ-CID #358476 | § | |
| V. | § | C.A. NO. C-06-165 |
| | § | |
| LILLIAN GARZA, ET AL. | § | |

**ORDER SEVERING AND TRANSFERRING CERTAIN CLAIMS**

Plaintiff, is an inmate in Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), and is currently incarcerated at the Segovia Unit in Edinburg, Texas. He filed his original complaint on April 11, 2006, alleging that certain TDCJ-CID employees had acted in concert with other state and federal employees to "implement a campaign of harassment and retaliation" against him for filing grievances.

Plaintiff relates that in September, 2003, he began taking a data processing course through Coastal Bend College while at the McConnell Unit. Plaintiff complained that he was not allowed to use the course textbook outside of the classroom, and, because he complained, he was suddenly at odds with powerful college personnel, and suffered significant consequences, including the loss of his prison job. Plaintiff complained to the Office of the Inspector General ("OIG"), but received no assistance. Related to these events, plaintiff has sued thirty-eight individuals, the majority of which reside in Beeville, Texas, consisting of McConnell Unit officials and employees, Coastal Bend College personnel, OIG employees, and TDCJ-CID grievance counselors in Huntsville. In addition, he has sued members of the Unit Classification Committee that transferred him to the Segovia Unit.

On December 12, 2005, plaintiff was transferred to the Segovia Unit. Plaintiff claims that this Unit is very restrictive and that Property Officer Cortez will not let him keep his typewriter. He

claims he complained to Yolanda Chavez, the unit grievance investigator, about the typewriter, but she misquoted several policy rules.  He also complained to Warden Espinoza who talked to both Officer Cortez and to Ms. Chavez, but nothing was done.  On March 14, 2006, Officer Ms. Chavez destroyed plaintiff's research notes.  Plaintiff claims that Rebecca Zartuche, the mailroom assistant, is denying him access to the courts by illegally holding his outgoing legal mail, destroying his stamps, and failing to place items in the mail.  He has sued these four Segovia Unit employees in their individual and official capacities.

## Discussion

Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not ground for dismissal of an action.  Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.  Any claim against a party may be severed and proceeded with separately.

Fed. R. Civ. P. 21.

Pursuant to the last sentence in Rule 21, the Court may order the severance of a claim where it will serve the ends of justice and further the prompt and efficient disposition of the litigation. Wyndham Assoc. v. Bintliff, 398 F.2d 614 (2d Cir.), cert. denied, 393 U.S. 977, 89 S. Ct. 444 (1968).  See also Value Line Fund, Inc. v. Marcus, 161 F. Supp. 533 (S.D.N.Y. 1958); Michigan Tool Co. v. Drummond, 33 F. Supp. 540 (D.D.C. 1938); 7 Wright, Miller, & Kane, Federal Practice & Procedure § 1689 (2d ed. 1986).  Here, the adjudication of plaintiff's claims against the Segovia Unit defendants with the McConnell Unit/Beeville area defendants would be inefficient.  There is no common issue of fact.  Moreover, the Segovia Unit defendants would likely raise meritorious personal jurisdiction and venue defenses; at the very least they would be entitled to transfer under

28 U.S.C. § 1404(a) (convenience of parties and witnesses). Severance would serve the ends of justice by promoting the prompt and efficient disposition of the litigation.

Accordingly, plaintiff's claims against the four Segovia Unit defendants are severed and transferred to the United States District Court for the Southern District of Texas, McAllen Division, for initial § 1915A screening and all further proceedings.

ORDERED this 3rd day of May 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE