**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **MATT LYLE** | § | |
| **V.** | § | **CA C-06-165** |
| **LILLIAN GARZA, ET AL.** | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION
FOR APPOINTMENT OF COUNSEL**

Plaintiff is an inmate in the Texas Department of Criminal Justice - Institutional Division, currently assigned to the Segovia Unit in Edinburg, Texas. Proceeding *pro se* and *in forma pauperis,* plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendants/prison officials in Beeville, Texas, interfered with his educational classes, retaliated against him, filed false disciplinary cases against him, and interfered with the grievances he filed to complain about their conduct (D.E. 1, 31). An evidentiary hearing was held and plaintiff was given an opportunity to supplement his complaint which he recently completed (D.E. 31). Pending is plaintiff's motion for appointment of counsel (D.E. 32). The Office of the Attorney General, in its *amicus* capacity, filed a response in opposition to the plaintiff's motion for appointment of counsel (D.E. 33).[1]

---

[1] It appears the Office of Attorney General, when electronically filing this document, inadvertently characterized it as a motion instead of a response to a motion. To the extent that this document purports to be a motion, the Clerk shall terminate it (D.E. 33) as moot.

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. *Id.* This case is not complex. Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. *Id.* Plaintiff's pleadings demonstrate he is reasonably articulate and intelligent and he understands his claims. During an evidentiary hearing held in the case, plaintiff was able to appropriately answer questions and present his claims. At this early stage of the case, plaintiff is in a position to adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Examination of this factor is premature because the case has not yet been set for

trial. Service of process is being withheld because plaintiff recently filed his supplemental complaint, and the supplement must first be screened pursuant to 28 U.S.C. § 1915A.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's motion for appointment of counsel (D.E. 32) is denied without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 31st day of October, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE