IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| MATT LYLE | § | |
|---|---|---|
| V. | § | CA C-06-165 |
| LILLIAN GARZA, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL

Proceeding *pro se,* plaintiff filed this civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that while incarcerated at TDCJ-CID, defendants/prison officials in Beeville, Texas, interfered with his educational classes, retaliated against him, filed false disciplinary cases against him, and interfered with the grievances he filed to complain about their conduct (D.E. 1, 31). Pending is plaintiff's second motion for appointment of counsel (D.E. 73).

There is constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986)

(citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)).  The first is the type and complexity of the case.  Id.  This case is not complex.  Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case.  *Id.*  Plaintiff is currently enrolled in undergraduate college courses.  Plaintiff's pleadings demonstrate he is reasonably articulate and intelligent and he understands his claims.  During an evidentiary hearing held in the case, plaintiff was able to appropriately answer questions and present his claims.  He has been able to communicate with counsel for the parties.  Plaintiff has been able to seek and obtain discovery.  At this stage of the case, plaintiff is in a position to adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.  Examination of this factor is premature because the case has not yet been set for trial.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case.  The Court has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988.  Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement.  Plaintiff's motion for appointment of counsel (D.E. 73)

is denied without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds.

    ORDERED this 18th day of October, 2007.

                                              _____
                                              B. JANICE ELLINGTON
                                              UNITED STATES MAGISTRATE JUDGE